UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Herman Jackson,

Plaintiff,

vs. ORDER

Flint Ink, Inc.,

Defendant. Civ. No. 01-2026 (PAM/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 25th day of October, 2002.

* * *

On October 2, 2002, the Court heard argument on the Motion of Cynthia J. Waldt, and Patrick Noaker ("Movants"), to withdraw from their representation of the Plaintiff. At the time of the Hearing, the Plaintiff did not appear,[1] and the Defendant appeared by Jason M. Hedican, Esq.

Following argument at the Hearing, we informed the Movants that, based upon the showing made, we did not find good cause to permit their withdrawal, without substitution, as required under Local Rule, D. Minn. LR 83.7(c). The Movants then requested leave

[1]The Plaintiff failed to appear despite having been served with Notice of the Motion. Waldt advised the Court that the Plaintiff was aware of the Motion, as she had spoken with him about the matter.

15

OCT 25 2002

mjb

to submit an in camera showing, which would provide us with a more detailed recitation of the bases for their Motion to Withdraw, and leave was granted. We directed the Movants to advise the Plaintiff that, should he wish to inform the Court of his position on the Motion, we would entertain a written submission from him, and would take the matter under advisement on October 18, 2002.

On October 4, 2002, the Movants filed a Notice of Substitution of Counsel, which advises that Stephen M. Thompsen, Esq., has been substituted as counsel for the Plaintiff. Local Rule, D. Minn. LR 83.7(b), provides that "[l]eave of the Court is not required [for the withdrawal of counsel] where a Notice of Withdrawal is accompanied by a Substitution of Counsel, provided that said substitution takes place 90 or more days in advance of trial for civil matters * * *, provided the substitution contains a certificate by substituted counsel, and provided that the substitution shall not delay the trial or other progress of the case." Here, those preconditions to withdrawal have been satisfied, and accordingly, substitution of counsel has been effected without further Order from the Court, and the Motion to Withdraw is, therefore, denied as moot.

NOW, THEREFORE, It is --

ORDERED:

That the Motion to Withdraw as Counsel for Plaintiff [Docket No. 12] is DENIED as moot.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE