**United States District Court**
**District of Minnesota**

---

**Herman Jackson,**

**Plaintiff,**

**v.**

**Flint Ink North American Corporation a/k/a Flint Ink Corporation,**

**Defendant.**

**Case No.: 01-2026 (PAM/RLE)**

**STIPULATION AND ORDER TO AMEND THE COMPLAINT**

---

**WHEREAS**, Plaintiff scheduled a motion pursuant to Fed. R. Civ. P. 15 to amend the complaint;

**WHEREAS**, Plaintiff provided the attached proposed Amended Complaint to Defendant for its review;

**WHEREAS**, upon review of said Amended Complaint, Defendant stipulates to the proposed Amended Complaint;

**NOW THEREFORE**, the parties stipulate

(1) Pursuant to Fed. R. Civ. P. 15, the complaint shall be amended as stated in the attached Amended Complaint;

(2) Defendant's attorney will accept service of the Amended Complaint on behalf of Defendant corporation;

(3) To the service and filing of the Amended Complaint after Court approval of the stipulation; and

(4) Pursuant to Fed. R. Civ. P. 15(c), the amended pleading relates back to the date of the original pleading.



FILED NOV 18 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

**SISAM & WATJE, P.A.**

Date: 11·13·02

EDWIN L. SISAM #183313
TAMMY P. FRIEDERICHS #219423
STEPHEN M. THOMPSON #0279791
7230 Metro Boulevard
Minneapolis, MN 55439-2128
(952) 920-8877
*Attorneys for Plaintiff*

**BRIGGS AND MORGAN, P.A.**

Date: 11-13-02

R. SCOTT DAVIES #21337
JASON M. HEDICAN # 271548
60 South Eighth Street
Minneapolis, MN 55402
(612) 334-8400
*Attorneys for Defendant*

**ORDER**

**Based on the stipulation and proceedings herein, IT IS SO ORDERED.**

Dated: 11/18/02

The Honorable Raymond L. Erickson
United States Magistrate Judge

**United States District Court**
**District of Minnesota**

---

**Herman Jackson,**

**Plaintiff,**

**v.**

**Flint Ink North American Corporation a/k/a Flint Ink Corporation,**

**Defendant.**

**Case No.: 01-2026 (PAM/RLE)**

**AMENDED COMPLAINT**

**(JURY TRIAL REQUESTED)**

---

**COMES NOW PLAINTIFF** Herman Jackson, by his attorneys, brings this action against Flint Ink North America Corporation a/k/a Flint Ink Corporation, and states and alleges as follows:

## PARTIES

1. Plaintiff, Herman Jackson (Jackson) is an African-American male who was employed as an Ink Maker from December 29, 1997, through July 8, 1999.

2. Upon information and belief, at all times material Flint Ink North America Corporation a/k/a Flint Ink Corporation (hereinafter "Flint Ink") was and continues to be an international corporation, with world headquarters in Ann Arbor, Michigan, authorized to do business and doing business at 245 Marie Ave. E, West St. Paul, Minnesota. Defendant Flint Ink is an "employer" within the meaning of 42 U.S.C. § 12111(5)(A) and Minn. Stat. § 363.01, Subd. 17.

3. Defendant Flint Ink is engaged in an industry affecting commerce and has employed twenty (20) or more employees for each working day in each of twenty or more calendar weeks in current or proceeding calendar year.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 in that this action arises under the laws of the United States, specifically Title VII, 42 U.S.C. § 2000e et. seq. This Court also has jurisdiction of this action pursuant to 28 U.S.C. § 1343 (a)(4).

5. Venue is proper in this judicial district pursuant to 42 U.S.C. § 2000e-5 (f)(3) in that the alleged unlawful employment practices were committed in this judicial district. Venue is also proper in this district pursuant to 28 U.S.C. §§ 1391 (b) (1) and (2) in that a substantial part of the events or omissions giving rise to the claim took place here and in that Defendant is doing business in this district.

6. All conditions precedent to this action have been fulfilled. Plaintiff has satisfied all of the procedural and administrative requirements set forth in U.S.C. § 2000e-5 including:

a. Plaintiff filed a timely charge with the Equal Employment Opportunity Commission ("EEOC")
b. On August 14, 2001, the EEOC issued a right to sue.
c. This was served and filed within ninety (90) days of the right to sue issued by the EEOC.

## FACTS

7. Beginning soon after employment, Plaintiff was forced to work in a racially hostile and offensive working environment. The Plaintiff was subjected to repeated incidents of harassment and disparate treatment based on race and subjected to retaliation and reprisal, including, but not limited to, the following:

a. Written racially derogatory graffiti on the plant walls, other work areas including Mr. Jackson's immediate work area, bathroom and locker room in 1999, Some of the graffiti statements said "we don't need no blacks around here", "Herman slept here", and "KKK HJ" with a cross. Flint Ink never investigated the graffiti or attempted to learn who placed the graffiti.

b. Around June 25, 1999 an employee spit on Mr. Jackson. After a discussion with the supervisor, no reprimand was given to the employee.

c. There was written racially derogatory graffiti on the plant walls of the premises, which depicted a cross with "KKK H.J." sign that appeared directly in the immediate work area. Flint Ink never investigated this incident.

d. On several occasions, Mr. Jackson told his union rep that he wanted to file a formal grievance, but each time Mr. Jackson was told the situation did not violate any company rules, therefore there was no basis to file a union complaint.

e. Mr. Jackson was subjected to continuous racial slurs made by both employees and supervisors. Mr. Jackson's supervisor called him a "nigger" on numerous occasions.

f. Mr. Jackson was unfairly reprimanded, including three termination. Two terminations were appealed, and Mr. Jackson was reinstated by union efforts, because terminations were found unjustified. Employer offered no back pay. The third termination is being appealed.

g. Flint Ink refused to allow Mr. Jackson to work light duty after a work-related injury. Instead, Flint Ink required Mr. Jackson to perform tasks requiring increased physical strain causing Mr. Jackson additional injury.

8. This and other inappropriate illegal behavior and treatment was intended to, and did, cause Plaintiff Jackson to suffer damages described herein.

9. Plaintiff opposed the racial discrimination and harassment during the course of his employment with Defendant. Plaintiff made repeated reports to supervisors and union reps of the defendant, including, but not limited to, Thomas Orsello, Frank Schreiner and Larry Stordahl.

10. Because Plaintiff opposed and reported Defendant's racial discrimination and harassment, Defendant retaliated against Plaintiff and subjected him to adverse working conditions, made false accusations about him, created a hostile and intolerable work environment, subjected him to false disciplinary actions, and ultimately terminated his employment.

11. The racially hostile and offensive working environment, as described above, persisted throughout Plaintiff's employment despite repeated reports by the Plaintiff to supervisors and union reps of the defendant, including, but not limited to, Thomas Orsello, Frank Schreiner and Larry Stordahl.

12. Defendant Flint Ink, through its supervisors and union reps knew or should have known of the racially harassing and discriminatory conduct towards Plaintiff Jackson and failed to take timely and appropriate action.

13. Despite knowledge of discriminatory and harassing practices, Defendant Flint Ink failed to take timely and appropriate action to ensure that these practices were eliminated.

14. As a direct result of the above discrimination and retaliation/reprisal, Plaintiff Jackson has suffered, continues to suffer, emotional distress, loss of wages and loss of benefits.

15. Defendant's actions during Plaintiff's employment with Defendant Flint Ink showed a wanton, willful and malicious indifference to the rights and safety of Plaintiff, and of his rights of fair treatment in employment.

**COUNT I: RACE DISCRIMINATION IN VIOLATION OF TITLE VII**

16. Plaintiff realleges each paragraph of the Complaint as if fully set forth herein.

17. Plaintiff, an African American, is entitled to the protections of Title VII, 42 U.S.C. 2000e et seq., including but not limited to the right to be free from race discrimination.

18. Defendant Flint Ink's conduct constitutes discrimination against Plaintiff on the basis of race in violation of Title VII, 42 U.S.C. § 2000e et seq.

19. As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged and is entitled to recover the damages allowable under Title VII.

20. Plaintiff is entitled to recover reasonable attorneys' fees for the services of his attorneys in these proceedings as provided in 42 U.S.C. § 2000e-5(k).

**COUNT II: RACE DISCRIMINATION IN VIOLATION OF THE MINNESOTA HUMAN RIGHTS ACT**

21. Plaintiff realleges each paragraph of the Complaint as if fully set forth herein.

22. Plaintiff, an African American, is entitled to the protections of the Minnesota Human Rights Act, Minn. Stat. § 363.02 et seq., including but not limited to the right to be free from race discrimination.

23. Defendant Flint Ink's conduct discriminated against Plaintiff in violation of Minn. Stat. § 363.03, Subd. 1(2)(b) and (c).

24. As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged in an amount reasonably certain to exceed $75,000.

25. Pursuant to Minn. Stat. § 363.14, Subd. 3, Plaintiff is entitled to recover reasonable attorneys' fees for the services of his attorneys in these proceedings.

**COUNT III: RETALIATION IN VIOLATION OF TITLE VII**

26. Plaintiff realleges each paragraph of the Complaint as if fully set forth herein.

27. Because Plaintiff reported and opposed the illegal racial discrimination and harassment, Defendant retaliated against him. Defendant subjected Plaintiff to adverse working conditions, made false accusations about him, created a hostile and intolerable work environment, subjected him to false disciplinary actions, and ultimately terminated his employment. Such retaliation is in violation of 42 U.S.C. § 2000e-3(a).

28. As a direct and proximate result of Defendant's retaliation, Plaintiff has suffered financial (lost wages and job benefits), personal, and emotional damages. All of these damages are as yet undetermined but are believed to be an amount in excess of $75,000.00.

**COUNT IV: RETALIATION IN VIOLATION OF THE MINNESOTA HUMAN RIGHTS ACT**

29. Plaintiff realleges each paragraph of the Complaint as if fully set forth herein.

30. When Plaintiff reported and opposed the illegal racial discrimination and harassment to Defendant, it retaliated against him. Defendant subjected Plaintiff to adverse working conditions, made false accusations about him, created a hostile and intolerable work environment, subjected him to false disciplinary actions, and ultimately terminated his employment. Such retaliation is in violation of Minn. Stat. § 363.03, subd. 7.

31. As a direct and proximate result of Defendant's retaliation, Plaintiff has suffered financial (lost wages and job benefits), personal, and emotional damages. All of these damages are as yet undetermined but are believed to be an amount in excess of $75,000.00.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests the Court to award him:

a. compensatory damages, including, but not limited to, lost wages and physical and mental suffering, an amount undetermined, but believed to be in excess of $75,000.00, pursuant to 42 U.S.C. § 2000e-5(g) and Minn. Stat. § 363.071, subd. 2;

b. treble compensatory damages pursuant to Minn. Stat. § 363.071, subd. 2;

c. costs, disbursements, and prejudgment interest pursuant to 42 U.S.C. § 2000e-5(k) and Minn. Stat. § 363.071, subd. 2;

d. any other equitable relief as the court deems appropriate pursuant to 42 U.S.C. § 2000e-5(g); and

e. attorneys' fees as part of the costs pursuant to 42 U.S.C. § 2000e-5(k) and Minn. Stat. § 363.14.

**JURY DEMAND**

Plaintiff demands a jury trial.

**SISAM & WATJE, P.A.**

Date: ______________________

______________________________

EDWIN L. SISAM #183313
TAMMY P. FRIEDERICHS #219423
STEPHEN M. THOMPSON #0279791
7230 Metro Boulevard
Minneapolis, MN 55439-2128
(952) 920-8877
*Attorneys for Plaintiff*