01-2026 PAM/RLE

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

---

No. 03-2189

---

| | | |
|---|---|---|
| Herman Jackson, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Minnesota. |
| Flint Ink North American Corporation, | * | |
| also known as Flint Ink Corporation, | * | |
| | * | |
| Appellee. | * | |

---

Submitted: February 13, 2004
Filed: August 27, 2004

---

Before MORRIS SHEPPARD ARNOLD, JOHN R. GIBSON, and RILEY, Circuit Judges.

---

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Herman Jackson filed a petition for rehearing in this case, maintaining that whether an environment is objectively hostile is always a question of fact for a properly instructed jury. We reject this argument. The question of whether an environment is sufficiently hostile to be actionable is a legal question, and, like any legal question, is a matter for the court to decide. In other words, a showing of some minimal level of harassment is necessary before a case is submissible to a jury. A court of course may decide this issue of submissibility on summary judgment. *See, e.g.*, *Alagna v. Smithville R-II School Dist.*, 324 F.3d 975, 979-81 (8th Cir. 2003).

SCANNED
SEP 13 2004
U.S. DISTRICT COURT MPLS

We have, however, reexamined the record to determine whether Mr. Jackson's evidence was sufficient to survive summary judgment, and we now conclude that it was. We refer particularly to Mr. Jackson's deposition testimony (which neither party pointed us to directly) that his name was written in a shower at his workplace and that there was an arrow connecting his name with a burning cross and a KKK sign. We think that an objective observer would regard this combination of figures as a threat of serious bodily harm if not death to Mr. Jackson; and when this threat is combined with all of the other incidents that Mr. Jackson complained of, and which we detailed at length in our previous opinion, *see Jackson v. Flint Ink N. Am. Corp.*, 370 F.3d 791, 793-96 (8th Cir. 2004), we conclude that the present case is governed by *Reedy v. Quebecor Printing Eagle, Inc.*, 333 F.3d 906 (8th Cir. 2003).

We admit that the matter is not altogether free from doubt, and we think that this case is on the cusp of submissibility. But our best judgment is that an objective observer in Mr. Jackson's shoes would be justified in reacting to his situation in a way that would affect a term or condition of his employment.

We note that on remand Flint Ink may deny that it had notice of Mr. Jackson's environment or may assert that they took remedial action sufficient to absolve them from any liability. These matters were not before the court on appeal.

We grant rehearing and reverse the judgment of the district court as to Mr. Jackson's hostile work environment claim, and we remand this case to the district court for further proceedings.

______________________________

A TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS, CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
BY: Michael E. Gans